FILED

AUG 09 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Lauren Greene,                )
                              )
        Plaintiff,            )
                              )
                              )   Civil Action No. 19-1963 (UNA)
                              )
CIA *et al.*,                 )
                              )
        Defendants.           )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint captioned "Personal Injury Claim." The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States (and its agencies) may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

1

Plaintiff, a District of Columbia resident, has sued the Central Intelligence Agency ("CIA") and the Commonwealth of Virginia. The complaint's allegations are expansive and unfocused. The allegations against the named defendants seem to stem from an involuntary psychiatric commitment to Fairfax Inova Hospital and other medical institutions in Virginia after plaintiff allegedly sought assistance from the CIA Visitor Center in McLean, Virginia, concerning political asylum. *See* Compl. at 1-2; *id.* at 8 ("I have been incurring intentional infliction of emotional distress before and most certainly since my return from claiming political asylum and then withdrawing the claim, and the CIA has most certainly been orchestrating it.").

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, waives the United States' immunity for certain personal injury claims. Before proceeding in federal court, however, the complainant must have first presented the claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a). Under the law of this circuit, the presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Nothing in the complaint suggests that plaintiff has pursued her administrative remedy under the FTCA, much less exhausted it.

As for any claim against the State of Virginia, the Eleventh Amendment to the U.S. Constitution immunizes a State from suit in federal court, unless immunity is waived.[1] Plaintiff has not come close to demonstrating Virginia's waiver of immunity. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI.

2

the burden to demonstrate that it exists.") (citation omitted)). Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: August 8, 2019

United States District Judge